**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASHANTA C. WASHINGTON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | DOCKET NO: |
| vs. | : | |
| | : | |
| PHILADELPHIA YEARLY MEETING OF | : | **COMPLAINT AND JURY DEMAND** |
| THE RELIGIOUS SOCIETY OF FRIENDS; | : | |
| CHRISTOPHER MOHR; CHRISTINA | : | |
| DUNCAN-TESSMER; F. SALVADOR | : | *Electronically filed* |
| ORELLANA; and JOHN DOES 1-5 AND 6- | : | |
| 10, | : | |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff, Ashanta C. Washington ("Plaintiff"), residing in Laurel Springs, New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"), alleging discrimination and harassment (hostile work environment) on the bases of race and sex (whether perceived or otherwise) as well as retaliation in employment; the Equal Pay Act ("EPA") and thee Pennsylvania Equal Pay Law ("PEPL") alleging disparate pay based on race; and the Pennsylvania Wage Payment and Collection Law ("WPCL") alleging failure to pay all compensation for work performed.

### Jurisdiction and Venue

1.      Jurisdiction of the court is invoked pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331, 28 U.S.C. § 1332 and pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

2.      Venue is proper within this district pursuant to 28 U.S.C. § 1391 because all of the events or substantially all of the events described below took place within the district.

**Identification of Parties**

3.      Plaintiff Ashanta C. Washington ("Plaintiff") resides in Laurel Springs, New Jersey, and, at all relevant times herein, is a former employee of the Defendant, Philadelphia Yearly Meeting.

4.      Defendant Philadelphia Yearly Meeting of the Religious Society of Friends ("PYM"), at all relevant times herein, is a non-profit association employing at least fifteen (15) employees with a principal place of business located at 1515 Cherry Street, Philadelphia, Pennsylvania, and the former employer of Plaintiff.

5.      Defendant Christopher Mohr, at all relevant times herein, is an individual employed as the General Secretary of PYM beginning on or about November 8, 2025, and who, on the basis of his own direct acts or on the basis of *respondeat superior*, is answerable to the Plaintiff in this matter.

6.      Defendant Christina Duncan-Tessmer, at all relevant times herein, is an individual employed as the General Secretary of PYM immediately prior to Defendant Mohr's assumption of that role, and who, on the basis of her own direct acts or on the basis of *respondeat superior*, is answerable to the Plaintiff in this matter.

7.      Defendant F. Salvador Orellana, at all relevant times herein, is an individual employed as the Deputy General Secretary of PYM beginning in or around August 2023, and who, on the basis of his own direct acts or on the basis of *respondeat superior*, is answerable to the Plaintiff in this matter.

2

8. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff in this matter.

### Exhaustion of Administrative Remedies

9. Plaintiff exhausted her administrative remedies by filing a verified complaint encompassing all claims herein under Title VII, the PHRA and the PFPO with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Philadelphia Human Relations Commission ("PHRC"), and for which complaint the EEOC issued a "Right to Sue" Notice closing its investigation on or about April 28, 2026, less than ninety (90) days prior to filing this action. A true and correct copy of the EEOC Notice of Right to Sue is attached hereto as Exhibit "A".

### General Allegations

10. Plaintiff, (Black/female), began working for PYM in or around December 2017 as the Office Administrator, initially reporting to the Director of Human Resources at that time, Oskar Castro (White/male) ("Castro").

11. In or around April 2023, PYM's then General Secretary (the head of the organization) was Defendant Duncan-Tessmer (White/female).

12. At or around that time, Defendant Duncan-Tessmer told Plaintiff that she wanted to promote Plaintiff to the Director of Human Resources and Inclusion ("DoHRI") position that Castro was vacating.

13. Defendant Duncan-Tessmer told Plaintiff that she could not pay Plaintiff as much as she had paid Castro because of budgeting constraints.

14.     On or about May 13, 2023, Plaintiff was promoted to the DoHRI position with a salary of $65,000 per year.

15.     As of December 31, 2022, Castro's salary for the same position was $72,492.16 per year.

16.     Despite having a Master's degree, Plaintiff was paid about $7,500 per year less than her White, male predecessor, who had no Master's degree, had been paid three (3) years earlier, to perform the same position, but with additional departmental support that Plaintiff did not have upon her promotion to the role.

17.     At all times relevant, Plaintiff was qualified for and met or exceeded the reasonable expectations for her employment with Respondents.

18.     In addition to Plaintiff's lower pay for the same role (with less support) performed by her White/male predecessor, Plaintiff's salary was, and remains, substantially less than her White and/or male peers in substantially similar leadership roles within PYM, as follows:

      a. Plaintiff is the only Black/female on PYM's Leadership Team, and her current salary is $81,600 per year, and reports directly to the General Secretary, currently Defendant Mohr (White/male).

      b. The other members of PYM's Leadership Team, reporting directly to the General Secretary, are the Deputy General Secretary ("DGS") and the Chief Financial Officer ("CFO").

      c. The current DGS is Defendant Orellana (Hispanic/male), whose current salary is $115,893 per year.

d. The current CFO is David Park (White/male), whose current salary is $117,300 per year.

19. In addition, Plaintiff's salary is lower than subordinate director-level, White and/or male employees, who are not members of PYM's Leadership Team, as follows:

a. The current Director of Development and Communications is Joseph Kirkenir (White/male), who began as an interim director in the role, with a salary of $95,000 per year in 2025, which Mohr has since raised to the current salary of $100,500 per year.

b. The current Controller, Albert DeGregorio (White/male) was hired as the Assistant Controller in or around January 2024, and is currently paid $107,100 per year.

20. In looking at the PNP salary trends for 2026 for the same positions in similar nonprofit organizations, Plaintiff found that she is substantially underpaid by PYM in comparison to all of the non-Black and male comparators listed above, as follows:

a. Plaintiff's salary of $81,600 per year is $3,400 below the low range of average salaries for the same position (DoHRI) in similar organizations, which is $85,000.

b. Park's salary of $117,300 per year is $2,700 below the low range of average salaries for the same position (CFO) in similar organizations, which is $120,000.

    c.  Defendant Orellana's salary of $115,893 per year is $10,893 above the low range of average salaries for the same position (DoHRI) in similar organizations, which is $105,000.

    d.  Kirkenir's salary of $100,050 per year is $10,050 above the low range of average salaries for the same position (Dir. Development and Communications) in similar organizations, which is $90,000.

    e.  DeGregorio's salary of $107,100 per year is $22,100 above the low range of average salaries for the same position (Controller) in similar organizations, which is $85,000.

21.    In or around January 2025, Plaintiff complained to Defendant Duncan-Tessmer about the continuing discriminatory pay disparity, noting that she was making $40,000 less than Defendant Orellana, who was making $109,000 per year at that time.

22.    Plaintiff thereby engaged in protected activity.

23.    In response, while Defendant Duncan-Tessmer gave Plaintiff a $10,000 raise, Duncan-Tessmer simultaneously gave Defendant Orellana a raise of $6,000, thereby continuing and extending the pay disparity.

24.    Defendant Orellana was not only already making substantially more than Plaintiff, but he engaged in harassing and abusive behavior toward Plaintiff which appeared to be based on her race and gender.

25.    In or around October 2025, Defendant Orellana began to air a list of various, and unjustified, criticisms of Plaintiff that dated back more than six months, to the time of

his hire, and did so during a leadership meeting with a set agenda that did not include Defendant Orellana's never-before-raised apparent issues with Plaintiff.

26.    Among these issues, Defendant Orellana criticized Plaintiff's tone in an email discussing a conflict between two employees, mischaracterizing Plaintiff's professional articulation of the issue with Defendant Orellana's subjective perception that Plaintiff sounded "angry."

27.    Plaintiff corrected Defendant Orellana's misperception, and further raised her logical concern that Defendant Orellana's perception was impaired by bias, notably, a stereotype of an "angry Black woman" that Defendant Orellana's unsolicited and unwarranted criticism of her email tone appeared to perpetuate.

28.    Plaintiff thereby engaged in further protected activity by objecting to behavior which she believed, in good faith, was indicative of racial bias and targeted at her.

29.    In response, Defendant Orellana's became defensive, without any actual consideration of Plaintiff's concerns, and was focused solely on denying that he was "racist" or a "chauvinist," despite Plaintiff not having accused him of being either.

30.    Immediately after the meeting, Defendant Orellana sent a long email defending himself for airing his stored list of criticism against Plaintiff in the meeting and for expressing his view that Plaintiff's email had an "angry tone" as not being connected to either race or gender, with Defendant Orellana's proof of this being that he never referred directly to Plaintiff's race or gender.

31.    In addition, Defendant Orellana copied Defendant Duncan-Tessmer on the email, and made a "formal" request that (i) his email "be included in the confidential

personnel or mediation file as part of the factual record of our discussion," and (ii) that any future discussion regarding "these matters" (apparently referring to any concern that he may have bias) take place in a "facilitated or mediated setting with a neutral third party present."

32.    As the Deputy General Secretary, Defendant Orellana's attitude is emblematic of the reactions she has received over the course of many months attempting to have constructive dialogues regarding her concern of how racial and gender bias appears to be at work at PYM, and most notable, and most recent, from Defendant Mohr, the head of the organization.

33.    In addition, Plaintiff was, and is, required to perform duties outside the scope of her job description, however, in contrast to how PYM applies its own policy of paying additional compensation to White employees who work outside of their job description, PYM has not provided this additional compensation to Plaintiff, despite her requests for equitable pay treatment.

34.    Plaintiff successfully advocated for a White, subordinate employee, Claire Kinnel, an Engagement Coordinator (a role at least two levels junior to Plaintiff's Leadership position), to receive PYM's standard 10% additional salary when she was covering work outside of her job description, with Defendant Mohr authorizing this change on December 23, 2025, backdated to November 1, 2025, when Kinnel started performing the additional work.

35.    In addition, in or around February 2026, Defendant Mohr also approved the 10% increase for Kirkenir for performing duties outside of his original scope.

8

36. However, when Plaintiff raised the issue that she had been covering several significant areas outside of her job as DoHRI, Defendant Mohr refused to authorize this standard increase.

37. Instead, Defendant Mohr began to, repeatedly, require that Plaintiff explain her job as DoHRI, and began insisting that Plaintiff funnel nearly all HR issues through him, diminishing her actual role and authority and micromanaging her.

38. Defendant Mohr's insistence on inserting himself into Plaintiff's day-to-day responsibilities made no sense, particularly given that Defendant Mohr had explained to Plaintiff that he was completely unfamiliar with HR issues.

39. On multiple occasions after Defendant Mohr became the General Secretary of PYM, PYM's legal counsel, Michael Homans, Esq., confirmed for Plaintiff and Defendant Mohr that Plaintiff's actions, suggestions and explanations were consistent with the correct HR approach to various issues and practices.

40. Defendant Mohr's lack of experience and knowledge of HR was apparent in his disparate treatment of Plaintiff as compared with her non-Black counterparts and subordinates, as well as his reactions when Plaintiff would discuss HR concerns with him.

41. Nonetheless, Defendant Mohr's response to Plaintiff's complaint that she was not being fairly compensated was to retaliate and take away Plaintiff's actual job duties, even to the point that Defendant Mohr has decided to modify Plaintiff's job description rather than pay her equitably under PYM's policies and practices with non-Black and/or male employees.

9

42.    Most recently, in or around March 2026, Defendant Orellana again made unjustified and critical comments about Plaintiff, this time, to a subordinate employee as well as Mohr.

43.    The subordinate employee advised Plaintiff that Defendant Orellana not only was discussing a confidential HR and personnel matter (of which the subordinate employee had no authorization or reason to be informed of the matter), but further claimed in front of the subordinate employee and Defendant Mohr that Plaintiff "doesn't know what she's doing."

44.    Plaintiff brought this issue up with Defendant Mohr, and specifically advised that Defendant Orellana's misconduct in disclosing confidential personnel matters to the subordinate employee, Plaintiff, was a fireable offense.

45.    Defendant Mohr, however, circled the wagons around Defendant Orellana, and claimed that he could not "do anything" about it because, he claims, he was "not present" when Orellana made these comments.

46.    Plaintiff made a further attempt to work out these ongoing issues internally, including by enlisting PYM's corporate counsel, including with respect to the pay disparities.

47.    The only response to any of the issues Plaintiff has raised was Defendant Mohr, in or around early April 2026, stating that his "solution" was to increase Plaintiff's pay by $4,000 per year.

48.    Plaintiff resigned from her employment with PYM on or about April 20, 2026.

49.     Defendants' conduct described above was motivated by Plaintiff's race, sex and/or by Plaintiff's protected activity set forth above.

50.     Any non-discriminatory and/or non-retaliatory reasons Defendants proffer for the conduct described above are merely pretext for one or more of the unlawful reasons articulated above.

51.     At all times relevant herein, Plaintiff was qualified for and performed her duties up to and/or beyond the reasonable expectations for her positions.

52.     To the extent there is any "mixed motive," Plaintiff need only show that a determinative or motivating factor in conduct above was because of one or more of the unlawful reasons articulated above.

53.     The harassment described above was:

   a. Motivated by Plaintiff's and/or by Plaintiff's protected activity set forth above;

   b. So pervasive and/or severe so as to create a hostile and abusive environment, thereby altering the terms and conditions of Plaintiff's employment;

   c. Offensive to a reasonable person in Plaintiff's position;

   d. Offensive to Plaintiff, herself;

   e. Reported by Plaintiff to Defendants such that Defendants had actual and/or constructive notice of the harassment;

   f. Conducted by upper managerial and/or supervisory personnel; and

g.   Defendants failed to take prompt and reasonable steps to correct and/or prevent further harassment from occurring despite Defendants actual and/or constructive notice that the harassment was occurring.

54.   As a result of Defendants' conduct described above, Plaintiff has been forced to suffer economic and non-economic harm, including emotional pain and suffering.

55.   Defendants' conduct with regard to the pay and compensation inequities described above was willful.

56.   Because Defendants' actions and/or omissions described above were undertaken, ratified and/or condoned by members of Defendant PYM's upper management and/or members of upper management were willfully indifferent to the same, and because such actions were especially egregious, malicious and/or undertaken with reckless disregard for Plaintiff's rights under the relevant statutes, punitive damages are warranted.

## COUNT I

### Title VII - Race Discrimination
#### *Against Defendant PYM*

57.   Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

58.   For the reasons set forth above, Defendant PYM is liable to Plaintiff for race discrimination in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT II

### Title VII - Sex Discrimination
*Against Defendant PYM*

59. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

60. For the reasons set forth above, Defendant PYM is liable to Plaintiff for sex discrimination in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT III

### Title VII – Retaliation
*Against Defendant PYM*

61. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

62. For the reasons set forth above, Defendant PYM is liable to Plaintiff for retaliation in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT IV

### Title VII – Harassment Based on Race
*Against Defendant PYM*

63.    Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

64.    For the reasons set forth above, Defendant PYM is liable to Plaintiff for harassment (hostile work environment) based on race in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

## COUNT V

### Title VII – Harassment Based on Sex
*Against Defendant PYM*

65.    Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

66.    For the reasons set forth above, Defendant PYM is liable to Plaintiff for harassment (hostile work environment) based on sex in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

## COUNT VI

### Title VII – Retaliatory Harassment
### *Against Defendant PYM*

67.    Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

68.    For the reasons set forth above, Defendant PYM is liable to Plaintiff for retaliatory harassment (hostile work environment) in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

## COUNT VII

### PFPO - Race Discrimination
### *Against Defendant PYM*

69.    Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

70.    For the reasons set forth above, Defendant PYM is liable to Plaintiff for race discrimination in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT VIII

### PFPO - Sex Discrimination
*Against Defendant PYM*

71.     Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

72.     For the reasons set forth above, Defendant PYM is liable to Plaintiff for sex discrimination in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT IX

### PFPO – Retaliation
*Against Defendant PYM*

73.     Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

74.     For the reasons set forth above, Defendant PYM is liable to Plaintiff for retaliation in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT X

### PFPO – Harassment Based on Race
*Against Defendant PYM*

75. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

76. For the reasons set forth above, Defendant PYM is liable to Plaintiff for harassment (hostile work environment) based on race in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

## COUNT XI

### PFPO – Harassment Based on Sex
*Against Defendant PYM*

77. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

78. For the reasons set forth above, Defendant PYM is liable to Plaintiff for harassment (hostile work environment) based on sex in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

## COUNT XII

### PFPO – Retaliatory Harassment
*Against Defendant PYM*

79.     Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

80.     For the reasons set forth above, Defendant PYM is liable to Plaintiff for retaliatory harassment (hostile work environment) in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

## COUNT XIII

### PFPO – Aiding and Abetting Discrimination
*Against Defendants Duncan-Tessmer, Mohr and Orellana*

81. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

82. For the reasons set forth above, Defendants Duncan-Tessmer and Mohr are liable to Plaintiff for aiding and abetting discrimination in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

18

## COUNT XIV

### PFPO – Aiding and Abetting Retaliation
*Against Defendants Duncan-Tessmer, Mohr and Orellana*

1. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

2. For the reasons set forth above, Defendants Duncan-Tessmer, Mohr and Orellana are liable to Plaintiff for aiding and abetting retaliation in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT XV

### PHRA - Race Discrimination
*Against Defendant PYM*

83. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

84. For the reasons set forth above, Defendant PYM is liable to Plaintiff for race discrimination in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT XVI

### PHRA - Sex Discrimination
*Against Defendant PYM*

85.     Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

86.     For the reasons set forth above, Defendant PYM is liable to Plaintiff for sex discrimination in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT XVII

### PHRA – Retaliation
*Against Defendant PYM*

87.     Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

88.     For the reasons set forth above, Defendant PYM is liable to Plaintiff for retaliation in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT XVIII

### PHRA – Harassment Based on Race
*Against Defendant PYM*

89.     Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

90.     For the reasons set forth above, Defendant PYM is liable to Plaintiff for harassment (hostile work environment) based on race in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

## COUNT XIX

### PHRA – Harassment Based on Sex
*Against Defendant PYM*

91.     Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

92.     For the reasons set forth above, Defendant PYM is liable to Plaintiff for harassment (hostile work environment) based on sex in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

## COUNT XX

### PHRA – Retaliatory Harassment
*Against Defendant PYM*

93.  Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

94.  For the reasons set forth above, Defendant PYM is liable to Plaintiff for retaliatory harassment (hostile work environment) in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

## COUNT XXI

### PHRA – Aiding and Abetting Discrimination
*Against Defendants Duncan-Tessmer, Mohr and Orellana*

95.  Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

96.  For the reasons set forth above, Defendants Duncan-Tessmer and Mohr are liable to Plaintiff for aiding and abetting discrimination in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT XXII

### PHRA – Aiding and Abetting Retaliation
### *Against Defendants Duncan-Tessmer, Mohr and Orellana*

97.     Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

98.     For the reasons set forth above, Defendants Duncan-Tessmer, Mohr and Orellana are liable to Plaintiff for aiding and abetting retaliation in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT XXIII

### Equal Pay Act
### *Against Defendant PYM*

99.     Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

100.     For the reasons set forth above, Defendant PYM is liable to Plaintiff for disparate pay based on sex in violation of the EPA.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, liquidated damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT XXIV

### Pennsylvania Equal Pay Law
#### *Against Defendants PYM, Duncan-Tessmer and Mohr*

101.    Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

102.    For the reasons set forth above, Defendants PYM, Duncan-Tessmer and Mohr are liable to Plaintiff for disparate pay based on sex in violation of the PEPL.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

## COUNT XXV

### Pennsylvania Wage Payment and Collection Law
#### *Against Defendants PYM, Duncan-Tessmer and Mohr*

103.    Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

104.    For the reasons set forth above, Defendants PYM, Duncan-Tessmer and Mohr are liable to Plaintiff for failure to pay all earned compensation in violation of the WPCL.

WHEREFORE, Plaintiff demands judgment against Defendants together with compensatory damages including for economic loss, liquidated damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay and any other relief the Court deems equitable and just.

**REQUEST FOR DECLARATORY AND EQUITABLE RELIEF**

105. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

106. In addition to the judgment and relief requested above, Plaintiff requests the following declaratory and equitable remedies and relief in this matter:

a. Plaintiff requests a declaration by this Court that the practices contested herein violate Federal law and Pennsylvania law as set forth herein;

b. Plaintiff requests that this Court order the Defendants to cease and desist engaging in the unlawful conduct alleged herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated;

c. Plaintiff requests that any order for equitable back pay includes the full value of all lost wages, benefits, fringe benefits, and other remuneration of which Plaintiff was deprived due to Defendants' unlawful acts such that the equitable remedies ordered make Plaintiff whole;

d. Plaintiff requests that the Court equitably order the Defendants to pay all costs incurred by Plaintiff and/or her attorneys in connection with this litigation and all of Plaintiff's reasonable attorneys' fees along any equitable and/or required enhancements to said attorneys' fees;

e. Plaintiff requests that the Court order the Defendants to have all supervisory and human resources personnel undergo and complete an initial training within 60 days of any equitable order, and thereafter annual training, on the prevention of employment practices prohibited by Title VII, the PFPO, the PHRA, the EPA, the PEPL and the WPCL and to require that such training be conducted by an independent

consultant with specific expertise in such training and prevention and who is not otherwise employed by or in any contractual relationship with the Defendants;

f.      Plaintiff requests that the Court order the Defendants to finish proof of completion of the initial training described herein to Plaintiff within 90 days of the entry of any such equitable order;

g.      Plaintiff requests that the Court order that the Defendants expunge from all records any reference to any discipline of the Plaintiff and that the Defendants be restricted from furnishing any information about the Plaintiff other than the dates of her employment and last position held unless legally required to produce other information; and

h.      Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, liquidated damages, declaratory relief and equitable relief to include equitable reinstatement, equitable back pay, equitable front pay, interest, costs of suit, attorneys' fees, enhanced attorneys' fees and any other relief the Court deems equitable and just.

Respectfully submitted:

**COSTELLO & SILVERMAN, LLC**

By:   ___*/s/ Miriam S. Edelstein*___

Dated:  June 15, 2026

**Miriam S. Edelstein**
PA ID No. 204557
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
Tel: (856) 727-9700
Fax: (856) 727-9797
medelstein@costellosilverman.com

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal rules of civil procedure, a trial by jury on all counts in the above-captioned action.

**COSTELLO & SILVERMAN, LLC**


**By:** ___*/s/ Miriam S. Edelstein*___
         **Miriam S. Edelstein**

# EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/28/2026

To: Ashanta C. Washington
P.O. Box 1573
Laurel Springs, NJ 08021
Charge No: 530-2026-05645

EEOC Representative and #:            Legal Unit

(267) 589-9707

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2026-05645.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
04/28/2026

Karen McDonough
Deputy Director